Frances M. O'Meara, Bar No. 140600
fomeara@thompsoncoe.com
Robert A. Latham III, Bar No. 125081
rlatham@thompsoncoe.com
Theodore A. Hammers, Bar No. 324951
thammers@thompsoncoe.com
**THOMPSON COE & O'MEARA, LLP**
12100 Wilshire Boulevard, Suite 1200
Los Angeles, California  90025
Telephone:  (310) 954-2350
Fax: (310) 954-2345

Attorneys for Plaintiff
SCOTTSDALE INDEMNITY COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SCOTTSDALE INDEMNITY COMPANY, an Ohio corporation,<br><br>                    Plaintiff,<br><br>       v.<br><br>SUN COAST GENERAL INSURANCE AGENCY, INC., a California corporation,<br><br>                    Defendant. | Case No.: 8:19-cv-01947<br><br>[To be supplied by the Clerk of The United States District Court]<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OR, ALTERNATIVELY, FOR INSURANCE POLICY RESCISSION**<br><br>**[28 U.S.C. §§ 2201, 2202]** |

For its Complaint against Defendant Sun Coast General Insurance Agency, Inc. ("Sun Coast"), Plaintiff Scottsdale Indemnity Company ("Scottsdale") states the following.

1.     This is an insurance coverage action seeking declaratory relief or, alternatively, the rescission of the insurance policy Scottsdale issued to Sun Coast, pursuant to 28 U.S.C. §§ 2201, 2202, and 1332.

**PARTIES**

2.      Scottsdale is an insurance company duly organized and existing under the laws of the State of Ohio with its principal office located in Scottsdale, Arizona.

3.      Upon information and belief, Sun Coast is a corporation duly organized and existing under the laws of the State of California with its principal place of business located in Laguna Hills, California.

**JURISDICTION AND VENUE**

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Scottsdale and Sun Coast, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1) because Sun Coast resides in this District and Division.

**FACTUAL ALLEGATIONS**

**The Application**

6.      On or about May 19, 2017, Jeff Coast, Sun Coast's President and Chief Executive Officer, signed a Renewal Application for Insurance Agents and Brokers Professional Liability (the "Application") on behalf of Sun Coast. A copy of the Application is attached hereto as "Exhibit 1."

7.      Questions 9, 12a, and 12b of the Application inquired, and Sun Coast responded, as follows:

> 9. During the past twelve (12) months has the Applicant placed any business with any insurers not listed on the Applicant's previous applications, or has the Applicant had any agency contract cancelled by any insurer for reasons other than lack of production?
>
> ☐ Yes ☒ No

12.a. During the past twelve (12) months has the Applicant or any owner, director, officer, employee, partner or independent contractor of the Applicant been the subject of a disciplinary action, investigation or complaint?

☐ Yes ☒ No

12.b. Is any Insured aware of any claim or potential claim that has not been reported to the Applicant's insurer?

☐ Yes ☒ No

(Ex. 1 at 2-3.)

8.     The Application states:

The person signing this **Application** declares that to the best of his or her knowledge the statements set forth herein and the information in the materials submitted herewith are true and correct and that reasonable efforts have been made to obtain sufficient information from all proposed **Insureds** to facilitate the proper and accurate completion of this **Application** for the proposed policy. Signing this **Application** does not bind the undersigned to purchase the insurance, but this **Application** shall be the basis of the contract should a policy be issued.

It is agreed by all concerned that the particulars and statements in this **Application** are true and shall be deemed material to the decision of the **Company** to issue the insurance . . . .

(Ex. 1 at 3) (emphasis in original).

## **The Policy**

9.     In reliance upon the statements and representations contained in the Application, Scottsdale issued claims-made Insurance Agents and Brokers Professional Liability Policy number ABI-0003470 to Sun Coast (the "Policy") effective for the period from June 21, 2017 to June 21, 2018 (the "Policy Period"). A copy of the Policy is attached hereto as "Exhibit 2."

10.     Subject to the Policy's terms, conditions, limitations, exclusions, and endorsements, the Policy's Insuring Agreement states that Scottsdale will pay on behalf of the "Insureds" any "Damages" as a result of a "Claim" first made against the "Insured" during the Policy Period or "Discovery Period," if applicable, for a "Wrongful Act" of the "Insured" or any other person for whom the "Insured" is legally liable, but only if: (1) such "Wrongful Act" is first committed on or after the "Retroactive Date" stated in Item 5 of the Declarations and before the end of the Policy Period; and (2) prior to the inception date of the first policy in a series of uninterrupted policies issued to Sun Coast by Scottsdale of which the Policy is a direct or indirect renewal or replacement, no "Insured" had a reasonable basis to believe that such "Wrongful Act" had been committed or that a "Claim" would be made against any "Insured" alleging such "Wrongful Act."  (Ex. 2 § I(A).)

11.     The Policy defines "Claim" to include, among other things, "a written demand for damages or a civil proceeding seeking monetary relief commenced by service of a complaint or similar pleading . . . ."  (Ex. 2 § II(B)(1).)

12.     "Wrongful Act" is defined in the Policy to mean "any actual or alleged negligent act, error or omission, including a **Personal Injury**, committed solely in the performance or failure to perform **Professional Services**."  (Ex. 2 § II(L)) (emphasis in original).

13.     The Policy defines "Damages" to mean:

damages, judgments (including pre/post-judgment interest on a covered judgment) and settlements negotiated with the **Company's** consent; provided, however, **Damages** shall not include:

**1. Defense costs;**

2. criminal or civil fines or penalties imposed by law;

3. the multiplied portion of any multiplied damages award;

• • • • •

4. the return, refund, disgorgement, waiver or forgiveness of any fees, commissions or charges; or

5. any matter deemed uninsurable under the law pursuant to which this Policy shall be construed.

**Damages** shall include punitive or exemplary damages, unless uninsurable under the applicable law most favoring coverage for such damages.

(Ex. 2 § II(C).)

14. "Defense Costs" are defined in the Policy to mean "reasonable and necessary fees, costs and expenses incurred by the **Company** or with its approval . . . resulting solely from the investigation, adjustment, defense or appeal of a **Claim** against the **Insured**, but shall not include salaries, wages, overhead or benefit expenses associated with employees of the **Company** or the **Named Insured**." (Ex. 2 § II(D) (emphasis in original).

15. Section III(A)(2) of the Policy states that the Policy does not apply to any Claim based upon, directly or indirectly arising out of or resulting from "any act or omission committed with knowledge of its wrongful nature or with intent to cause damage . . . ." (the "Intentional Acts Exclusion") (Ex. 2 § III(A)(2).)

16. The Policy states that, "[a]s a condition precedent to the obligations of the **Company** under this Policy, the **Insured** shall give written notice to the **Company** of a **Claim** made against an **Insured** as soon as practicable after the **Insured** first becomes aware of the **Claim**" (the "Notice Provision") (Ex. 2 § V(B)) (emphasis in original).

17. Section I(B) of the Policy states, in pertinent part:

The **Company** has the right and duty to defend any **Claim** to which this insurance applies other than a **Disciplinary Proceeding**, even if the allegations of the **Claim** are groundless, false or fraudulent. The **Insured** shall not admit or assume any liability, make any settlement offer or enter into any settlement agreement, stipulate to any

judgment, or incur any **Defense Costs** without the prior written consent of the **Company**, such consent not to be unreasonable withheld . . . .

(the "No-Voluntary Settlement Provision") (Ex. 2 § I(B)) (emphasis in original).

## The Underlying Action

18.     On May 24, 2018, Bankers Insurance Company ("Bankers" or the "Underlying Plaintiff") filed a lawsuit against Sun Coast, Case No. 8:18-cv-01250-MSS-CPT, in the United States District Court for the Middle District of Florida (the "Underlying Action"). A copy of the complaint filed in the Underlying Action (the "Underlying Complaint") is attached hereto as "Exhibit 3."

19.     According to the Underlying Complaint, Bankers and Sun Coast entered into a Program Management Agreement on or about August 8, 2012 (the "Agreement"), which appointed Sun Coast as Bankers' general agent for the purpose of producing and handling automobile insurance.  (Ex. 3 ¶¶ 5-6.)

20.     In the Underlying Action, Bankers alleges that, on or about January 9, 2015, it provided Sun Coast with a notice of termination of the Agreement stating that the Agreement would be terminated effective February 1, 2015.  (Ex. 3 ¶¶ 18-19.)

21.     According to Bankers, at Sun Coast's request, it agreed to an extension of the effective date of the termination of the Agreement until February 20, 2015, at which time Sun Coast was allegedly no longer authorized to write any new or renewal insurance policies for Bankers pursuant to the Agreement.  (Ex. 3 ¶¶ 22-27.)

22.     In the Underlying Action, Bankers alleges that, despite the termination of the Agreement on February 20, 2015, Sun Coast continued to write new and renewal policies for Bankers in violation of the Agreement.  (Ex. 3 ¶ 42.)

23.     Bankers further alleges in the Underlying Action that Sun Coast failed to adequately collect premiums with respect to the policies that Sun Coast wrote and issued on behalf of Bankers and, for those premiums that were collected, failed to

remit those premiums to Bankers in violation of the Agreement in the amount of at least $285,000.  (Ex. 3 ¶ 43.)

24.     Bankers asserts a single cause of action against Sun Coast for breach of the Agreement, and seeks compensatory damages, attorneys' fees pursuant to a fee-shifting provision contained in the Agreement, and interest.  (Ex. 3 at 8.)

**Scottsdale's Coverage Position**

25.     To date, Sun Coast has not tendered the Underlying Action to Scottsdale for coverage under the Policy.

26.     On February 7, 2019, over eight months after the Underlying Action was filed, the Underlying Plaintiff provided Scottsdale with notice of the Underlying Action.

27.     Upon information and belief, prior to Scottsdale's being notified of the Underlying Action on February 7, 2019, Sun Coast retained counsel to represent it in the Underlying Action and filed an answer to the Underlying Complaint, served and responded to written discovery requests, engaged in discovery motion practice, and participated in a mediation conference in the Underlying Action.

28.     Upon information and belief, prior to February 7, 2019, Sun Coast also participated in settlement negotiations with Bankers in the Underlying Action and made at least one settlement offer.

29.     On April 4, 2019, Scottsdale sent a letter to Sun Coast in which it indicated that it would provide a defense to Sun Coast in connection with the Underlying Action subject to a full and complete reservation of its rights under the Policy and at law. In its April 4, 2019 letter, Scottsdale identified several coverage defenses that might preclude or limit Sun Coast's coverage for the Underlying Action under the Policy.

30.     On June 4, 2019, Scottsdale sent another letter to Sun Coast in which it reiterated that it would provide a defense to Sun Coast in connection the Underlying

Action subject to a full and complete reservation of its rights under the Policy and at law and identifying various coverage defenses.

## COUNT I – DECLARATORY JUDGMENT AS TO BREACH OF NOTICE PROVISION

31.     Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     An actual, present, and justiciable controversy exists concerning whether there is coverage for the Underlying Action under the Policy due to Sun Coast's failure to notify Scottsdale of the Underlying Action as soon as practicable as required by the Policy's Notice Provision.

33.     Scottsdale requests that the Court declare that Sun Coast failed to provide Scottsdale with notice of the Underlying Action as soon as practicable and, as a result, there is no coverage under the Policy for any Defense Costs incurred to date in connection with the Underlying Action or for any settlement of or judgment entered in the Underlying Action and that Scottsdale does not have a duty to continue to defend Sun Coast in connection with the Underlying Action.

## COUNT II – DECLARATORY JUDGMENT AS TO BREACH OF NO-VOLUNTARY SETTLEMENT PROVISION

34.     Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     An actual, present, and justiciable controversy exists concerning whether there is coverage for the Underlying Action under the Policy due to Sun Coast's violations of the Policy's No-Voluntary Settlement Provision by, among other things, incurring defense costs and making a settlement offer without Scottsdale's knowledge and consent.

36.     Scottsdale requests that the Court declare that Sun Coast violated the Policy's No-Voluntary Settlement Provision and, as a result, there is no coverage

under the Policy for any Defense Costs incurred to date in connection with the Underlying Action or for any settlement of or judgment entered in the Underlying Action and that Scottsdale does not have a duty to continue to defend Sun Coast in connection with the Underlying Action.

**COUNT III – DECLARATORY JUDGMENT AS TO WRONGFUL ACT**

37.    Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.    An actual, present, and justiciable controversy exists concerning whether the Underlying Action alleges a Wrongful Act necessary to bring the Underlying Action within the scope of coverage of the Policy.

39.    Scottsdale requests that the Court declare that the Underlying Action does not allege a Wrongful Act and, as a result, there is no coverage for the Underlying Action under the Policy for any Defense Costs incurred to date in connection with the Underlying Action or for any settlement of or judgment entered in the Underlying Action and that Scottsdale does not have a duty to continue to defend Sun Coast in connection with the Underlying Action.

**COUNT IV – DECLARATORY JUDGMENT AS TO INTENTIONAL ACTS EXCLUSION**

40.    Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.    An actual, present, and justiciable controversy exists concerning whether the Policy's Intentional Acts Exclusion bars coverage for the Underlying Action under the Policy.

42.    Scottsdale requests that the Court declare that the Intentional Acts Exclusion precludes coverage for the Underlying Action under the Policy and, as a result, there is no coverage for the Underlying Action under it for any Defense Costs incurred to date in connection with the Underlying Action or for any settlement of or

judgment entered in the Underlying Action and that Scottsdale does not have a duty to continue to defend Sun Coast in connection with the Underlying Action.

## COUNT V – DECLARATORY JUDGMENT AS TO CAL. INS. CODE § 533

43.     Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.     Section 533 of the California Insurance Code states that "[a]n insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others."

45.     An actual, present, and justiciable controversy exists concerning whether Section 533 of the California Insurance Code bars coverage for the Underlying Action under the Policy.

46.     Scottsdale requests that the Court declare that Section 533 of the California Insurance Code precludes coverage for the Underlying Action under the Policy and, as a result, there is no coverage for the Underlying Action under the Policy for any Defense Costs incurred to date in connection with the Underlying Action or for any settlement of or judgment entered in the Underlying Action and that Scottsdale does not have a duty to continue to defend Sun Coast in connection with the Underlying Action.

## COUNT VI – DECLARATORY JUDGMENT AS TO UNCOVERED LOSS

47.     Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48.     An actual, present, and justiciable controversy exists concerning whether certain damages sought by Bankers in the Underlying Action, including but not limited to the premiums that Sun Coast allegedly failed to collect or remit to the Underlying Plaintiff, are covered Loss under the Policy and/or at law.

49.     Scottsdale requests that the Court declare that it is not obligated to

indemnify Sun Coast for any portions of a settlement of or judgment entered in the Underlying Action that constitute uncovered loss under the Policy and/or at law.

**COUNT VII – RESCISSION (CAL. INS. CODE §§ 331, 359)**

50.     Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.     Scottsdale pleads this count in the alternative.

52.     Sun Coast accidentally, intentionally, and/or fraudulently made misrepresentations and omissions to Scottsdale, including but not limited to falsely stating that, in the twelve months prior to the execution of the Application, Sun Coast had not had any agency contract cancelled by any insurer for reasons other than lack of production, and falsely stating that, at the time the Application was executed, Sun Coast was not aware of any claim or potential claim.

53.     Sun Coast's misrepresentations and omissions were material to Scottsdale's acceptance of the risk and/or the hazard assumed by Scottsdale.

54.     Scottsdale, acting in good faith, would not have issued the Policy, would have issued the Policy under materially different terms, and/or would not have provided coverage with respect to the hazard resulting in the loss, had the true facts been disclosed as required by the Application or otherwise.

55.     Scottsdale seeks a judicial determination rescinding the Policy as a result of Sun Coast's concealment and/or failure to disclose material facts and circumstances.  Scottsdale will return the premium collection from Sun Coast upon the judicial determination of rescission.

**PRAYER FOR RELIEF**

WHEREFORE, Scottsdale prays that this Court enter an Order:

1.     declaring that there is no coverage under the Policy for any Defense Costs incurred to date in connection with the Underlying Action or for

1 any settlement of or judgment entered in the Underlying Action and that

2 Scottsdale does not have a duty to continue to defend Sun Coast in

3 connection with the Underlying Action due to Sun Coast's failure to

4 notify Scottsdale of the Underlying Action as soon as practicable;

5 2. declaring that there is no coverage under the Policy for any Defense

6 Costs incurred to date in connection with the Underlying Action or for

7 any settlement of or judgment entered in the Underlying Action and that

8 Scottsdale does not have a duty to continue to defend Sun Coast in

9 connection with the Underlying Action due to Sun Coast's violations of

10 the Policy's No-Voluntary Settlement Provision;

11 3. declaring that there is no coverage under the Policy for any Defense

12 Costs incurred to date in connection with the Underlying Action or for

13 any settlement of or judgment entered in the Underlying Action and that

14 Scottsdale does not have a duty to continue to defend Sun Coast in

15 connection with the Underlying Action because the Underlying Action

16 does not allege a Wrongful Act necessary to bring the Underlying Action

17 within the scope of coverage of the Policy;

18 4. declaring that there is no coverage under the Policy for any Defense

19 Costs incurred to date in connection with the Underlying Action or for

20 any settlement of or judgment entered in the Underlying Action and that

21 Scottsdale does not have a duty to continue to defend Sun Coast in

22 connection with the Underlying Action by virtue of the Intentional Acts

23 Exclusion;

24 5. declaring that there is no coverage under the Policy for any Defense

25 Costs incurred to date in connection with the Underlying Action or for

26 any settlement of or judgment entered in the Underlying Action and that

27 Scottsdale does not have a duty to continue to defend Sun Coast in

28 connection with the Underlying Action by virtue of Section 533 of the

1           California Insurance Code;

2     6.     declaring that there is no coverage under the Policy for any portions of a

3             settlement of or judgment entered in the Underlying Action that

4             constitute uncovered loss under the Policy and/or at law;

5     7.     in the alternative, declaring that the Policy is rescinded and void;

6     8.     awarding Scottsdale its costs, expenses, and attorneys' fees together with

7             pre- and post-judgment interest to the greatest extent allowed by law; and

8     9.     awarding Scottsdale all other relief that the Court deems just and

9             equitable.

10

11 DATED: October 11, 2019       **THOMPSON COE & O'MEARA, LLP**

12

13                     */s/ Robert A. Latham III*

14                     Frances M. O'Meara

15                     Robert A. Latham III

                            Theodore A. Hammers

16                     Attorneys for Plaintiff

17                     SCOTTSDALE INDEMNITY COMPANY

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT OR, ALTERNATIVELY, FOR INSURANCE POLICY RESCISSION